UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TRINA M PLANTZ,

    Plaintiff,

 v.              Case No. 19-cv-1744-bhl

ROBERT L WILKIE, et al.,

    Defendants.

---

## ORDER
---

  On November 27, 2019, *pro se* plaintiff Trina M. Plantz filed a complaint against defendants United States Secretary of Veterans Affairs Robert L. Wilkie, Daniel Zomcheck, Angela Garza, Brianne Gruenwald, and Deborah Hagen. (ECF No. 1.) Plaintiff simultaneously filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) Judge Adelman granted the motion without screening Plaintiff's complaint and ordered the U.S. Marshals Service to serve the complaint. (ECF No. 4.) It seems the Marshals needed several months and at least three attempts at service before Defendants appeared in this case. (*See* ECF Nos. 5-10.)

  Defendants appeared and filed their motion to dismiss on September 10, 2020. (ECF Nos. 11-12.) In their supporting brief, Defendants commendably attempt to parse Plaintiff's disjointed allegations and claims. (ECF No. 13.) However, the Court cannot determine from Plaintiff's complaint which claims she purports to bring against each defendant. The Federal Rules of Civil Procedure requires a complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

  Because it is unclear to the Court which claims, and under what authority, Plaintiff brings against each defendant, Plaintiff's complaint will be dismissed for failure to comply with Rule 8(a)(2). Even though the Court must liberally construe pleadings of *pro se* litigants, *Haines v.*

*Kerner*, 404 U.S. 519, 520 (1972), it is not the Court's role to manufacture Plaintiff's claims for her. *See Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)) ("[E]ven pro se litigants must follow rules of civil procedure").

The Court will allow Plaintiff the opportunity to file an amended complaint, clarifying her allegations and describing plausible legal claims against each defendant. If she decides to proceed with an amended complaint, Plaintiff should only name as defendants those specific individuals or entities that directly violated her rights. She should explain how each named defendant violated her rights and describe the injuries she suffered due to those violations. She should also include a statement specifically explaining why this Court has jurisdiction over her claims. Plaintiff is advised that her amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint will take the place of the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In other words, Plaintiff cannot simply file a supplement to her original complaint. Instead, she must file a new, coherent complaint that contains all of the allegations against all of the defendants against whom she seeks to state a claim.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss, ECF No. 12, is **GRANTED**, and Plaintiff's complaint is **DISMISSED**. Should Plaintiff wish to proceed with her case, she must file an amended complaint on or before **September 3, 2021**. If she does not, the action will be dismissed according to Civil L. R. 41(c) for Plaintiff's failure to prosecute.

Dated at Milwaukee, Wisconsin on August 13, 2021.

                  s/ *Brett H. Ludwig*
                  BRETT H. LUDWIG
                  United States District Judge